USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-13-11

**YOELI GOTTLIEB & ETRA LLP**
ATTORNEYS-AT-LAW
260 MADISON AVENUE · 18TH FL.
NEW YORK, NY 10016

MICHAEL YOELI

# MEMO ENDORSED

TEL: 212.472.7270
FAX: 212.579.0814
myoeli@yogolaw.com

June 13, 2011

*Via Facsimile*
Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007-1312

Re:   Mohamed v. MetLife
      Civil action No.: 10 cv 7249 (PKC)

Dear Judge Castel:

We represent the plaintiff in the above referenced matter. This is an ERISA long-term disability case which your Honor has instructed will be decided on the basis of a Summary Trial on the Administrative Record. The parties have been ordered to submit the entire record and all briefs in support and opposition on July 11, 2011. On the basis of an agreed upon schedule, the parties traded their initial memoranda of law in support of their motions for Judgment upon Summary Trial, on June 8, 2011. By previous understanding, each party's Statement of Facts was included as part of that party's memorandum.

We have received a letter from Michael H. Bernstein Esq., representing defendant MetLife, objecting to the length of our submission and requesting that we make the Court aware of the issue to avoid any prejudice. A copy of Mr. Bernstein's letter is attached.

As your Honor can see, Mr. Bernstein interpreted your Individual Practice Rules to limit the length of the Memoranda to 25 pages, even though a Statement of Facts was to be included in the memoranda instead of in a separate Statement of Material Facts as one would submit under Local Rule 56.1, if this were a Summary Judgment Motion. We, on the other hand, believed in good faith that since the case was being adjudicated under the relatively unusual method of a Summary Trial on the Administrative Record, it was appropriate to keep the legal argument to the 25 page limit in your Honor's rules, but that it would be permissible for the entire document to exceed the 25 page limit to accommodate a detailed Statement of Facts.

YOELI GOTTLIEB & ETRA LLP

Given that the Administrative Record, covering in excess of two years, has more than 850 pages, much of it in diary form with extremely small print, we do not believe the Court can be presented with all of the relevant facts supporting our legal arguments without permitting a full opportunity to delineate those facts, and we believe the Court will find such an effort very helpful in wading through a great deal of information contained in the Administrative Record.

Accordingly, with apologies to the Court and counsel if we misinterpreted the Court's intent, we respectfully request that Plaintiff be permitted to submit the Memorandum with full Statement of Facts it has sent to defendant's counsel. We further request that the Court adjourn the July 11, 2011 date for final submission, and the July 15, 2011 conference date, to give the defendant an opportunity to expand on it Statement of Facts, if the court grants plaintiff's request, or to give plaintiff an opportunity to redraft its memorandum, if the Court so instructs.

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*
Michael Yoeli
Yoeli Gottlieb & Etra LLP

cc: Michael H. Bernstein, Esq.

*[handwritten annotation:]* Page limit waived. Final submission date and conference remain as scheduled. SO ORDERED [signature] USDJ 6-13-11

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

June 9, 2011

*Via Regular Mail*
Michael Yoeli, Esq.
Yoeli, Gottlieb & Etra, LLP
260 Madison Avenue, 18th Floor
New York, New York 10016

Re: Ahmed Mohamed v. Metropolitan Life Insurance Company
    Civil Action No.: 10-cv-7249
    Our File No.: 00584-7645

Dear Mr. Yoeli:

As you know, we represent MetLife in the above-referenced matter. Pursuant to the Court's April 11, 2011 Order and the corresponding briefing schedule between the parties, the parties' respective motions on summary trial were due to be served and filed by June 8, 2011. We are writing to inform you of MetLife's objection to the length of your Memorandum of Law in Support of the plaintiff's Motion on Summary trial.

Pursuant to Judge P. Kevin Castel's Individual Practices (2)(C), memoranda of law in support and in opposition to all motions are "limited to 25 pages," unless prior permission is granted by the Court. On June 8, 2009, without requesting prior permission from the Court, you served the plaintiff's Memorandum of Law in Support of his Motion for Judgment Upon Summary Trial on the Administrative Record, which was 55 pages in length. This is 30 pages over Judge Castel's required limit and thus, in violation of his Individual Practices. Also on June 8, 2011, MetLife served and filed its Memorandum of Law in Support of its Motion on Summary Trial, which was in full compliance with the Court's Individual Practices. Accordingly, the plaintiff's Memorandum of Law contains 30 more pages than MetLife's Memorandum of Law, which is an advantage that significantly prejudices MetLife. Accordingly, we must request that you withdraw your Motion on Summary Trial and re-submit it once you are in compliance with Judge Castel's Individual Practices. In addition, we must also request that you make the Court aware of this issue because if the briefing schedule remains the same, we will have significantly less time to respond to your Motion on Summary Trial as you have to respond to MetLife's Motion, which would also significantly prejudice MetLife.

Please feel free to contact me with any questions.

Sincerely yours,

Michael H. Bernstein
Sedgwick LLP

NY/692021v1