UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

AHMED MOHAMED,

                                        Plaintiff,

                    -against-

METROPOLITAN LIFE INSURANCE COMPANY,

                                        Defendant.

----------------------------------------------------------------X

Docket No.:
10 CIV 7249 (PKC)


**ANSWER TO COMPLAINT
AND COUNTERCLAIM**


DOCUMENT
ELECTRONICALLY FILED

        Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its

attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's

Complaint, respectfully sets forth the following upon information and belief:

## PRELIMINARY AND JURISDICTION STATEMENT

        FIRST:        Denies each and every allegation contained in paragraph "1" of plaintiff's

Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, except

admits plaintiff's claim arises under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and that he seeks to recover long term disability

("LTD") benefits.

        SECOND:    Admits the truth of each and every allegation contained in paragraph "2"

of plaintiff's Complaint.

        THIRD:        Admits the truth of each and every allegation contained in paragraph "3"

of plaintiff's Complaint.

        FOURTH:    Denies each and every allegation contained in paragraph "4" of plaintiff's

Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, except

admits plaintiff was a participant in the Group Disability Benefits Plan for Employees of Credit Suisse ("Credit Suisse") Securities (USA) LLC (the "Plan") within the meaning of 29 U.S.C. § 1002(7) and that MetLife issued to Credit Suisse a group policy of insurance to fund benefits payable under the Plan.

FIFTH:     Admits the truth of each and every allegation contained in paragraph "5" of plaintiff's Complaint.

SIXTH:     Denies each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of business for the contents thereof, as to the facts and circumstances recorded therein, except admits plaintiff ceased working as a Developer/Analyst for Credit Suisse on March 8, 2007.

SEVENTH:     Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of business for the contents thereof, as to the facts and circumstances recorded therein, except admits plaintiff submitted a claim for LTD benefits under the Plan that was initially approved by MetLife.

EIGHTH:     Denies each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of business for the contents thereof, as to the facts and circumstances recorded therein, except admits that MetLife determined that plaintiff

was no longer eligible for LTD benefits under the Plan because he failed to submit proof demonstrating that he continued to meet the Plan's definition of disability as of January 7, 2009.

NINTH:      Admits the truth of each and every allegation contained in paragraph "9" of plaintiff's Complaint.

TENTH:      Admits the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint.

ELEVENTH:      Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff has exhausted all administrative remedies.

TWELFTH:      Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTEENTH:      This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FOURTEENTH:      The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FIFTEENTH:      MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

NY/630739v1

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTEENTH:        All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTEENTH:    Plaintiff's complaint fails to allege sufficient facts to state a plausible prima facie case and is therefore subject to dismissal for failing to state a claim for which relief can be granted.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

EIGHTEENTH:      Defendant MetLife as claim fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.   Defendant MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

NINETEENTH:       To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the Plan as of the date MetLife determined he was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

4

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTIETH:        Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:        Plaintiff's claim for attorney's fees pursuant to 29 U.S.C. §1132(a)(i) is premature because he has not achieved any success on the merits of this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:        The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:        If Plaintiff is entitled to any payment of benefits, which defendant denies, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to him.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:        To the extent a response is required, MetLife denies all allegations set forth in the subheadings to and ad damnum clause in plaintiff's Complaint.

### COUNTERCLAIM

TWENTY-FIFTH:        Upon information and belief, plaintiff received Workers' Compensation benefits for the alleged disability forming the basis for his LTD benefit claim.

NY/630739v1

TWENTY-SIXTH:        According to the Plan, Workers' Compensation benefits constitute a source of "other income" that must be off-set from any LTD benefits due under the Plan.

TWENTY-SEVENTH:   On August 30, 2007, plaintiff executed an "Agreement to Reimburse overpayment of Long Term Disability Benefits" in which he agreed to return any overpayment of LTD benefits caused by his receipt of "other income" benefits for any period of time that he received LTD benefits, in accordance with the terms of the Plan.

TWENTY-EIGHTH:        On April 27, 2009 and June 10, 2009, MetLife requested that plaintiff return the remaining overpayment of benefits in the amount of $6,331.07, which were not reduced in proportion to plaintiff's Workers' Compensation benefits as required by the terms of the Plan.

TWENTY-NINTH:        Plaintiff has not remitted the remaining overpayment amount to MetLife in response to its requests.

THIRTIETH:        MetLife has no adequate remedy at law to enforce its right to return of this overpayment, and if this relief is not granted, plaintiff will be unjustly enriched thereby and cannot in equity retain these funds.

THIRTY-FIRST:        Pursuant   to   Section   502(a)(3)   of   ERISA   (29 U.S.C.§1132(a)(3)), MetLife is entitled to equitable restitution from plaintiff for "other income" he received during the period he was paid benefits under the Plan, including but not limited to Workers' Compensation Disability benefits that plaintiff received as the result of his claimed disability.

NY/630739v1

**WHEREFORE**, defendant MetLife prays:

1.  That the action be dismissed, or that judgment be entered in favor of defendant, MetLife and against plaintiff;

2.  That defendant, MetLife be awarded equitable restitution for the remaining overpayment in the amount of $6,331.07, representing the amount of "other income" plaintiff received in Workers' Compensation Disability benefits and failed to return to MetLife;

3.  That defendant, MetLife be awarded costs of suit incurred herein;

4.  That defendant, MetLife be awarded reasonable attorney's fees; and

5.  That defendant, MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 7, 2011

Respectfully Submitted,

s/
_____
MICHAEL H. BERNSTEIN  (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorneys for Defendant*
METROPOLITAN LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004
Tel.: (212) 422-0202
Fax: (212) 422-0925
**[SDMA File No. 00584-007645]**

TO:

Michael Yoeli, Esq.
YOELI GOTTLIEB & ETRA LLP
260 Madison Avenue, 18th Floor
New York, New York 10016
Tel.: (212) 472-7270
*Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of

the attached **ANSWER TO COMPLAINT AND COUNTERCLAIM (on behalf of defendant**

**Metropolitan Life Insurance Company)** was served by **ECF and Regular Mail** on January 7,

2011, upon the following:

Michael Yoeli, Esq.
YOELI GOTTLIEB & ETRA LLP
260 Madison Avenue, 18th Floor
New York, New York 10016
Tel.:  (212) 472-7270
*Attorneys for Plaintiff*

Dated:  New York, New York
January 7, 2011

s/
_____
MICHAEL H. BERNSTEIN (MB-0579)

8