# Sedgwick LLP

ATTORNEYS AT LAW

___, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-16-2012

*Michael H. Bernstein*
*212-898-4011*
*michael.bernstein@sedgwicklaw.com*

March 16, 2012

*Via Facsimile*
Honorable P. Kevin Castel, U.S.D.J.
U.S.D.C for the Southern District of New York
Daniel Patrick Moynihan - United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Ahmed Mohamed v. Metropolitan Life Insurance Company*
    Civ. Act. No.:  10 CIV 7249 (PKC)
    SDMA File No.: 00584-007645

Per this Court's Memorandum and Order, the matter has been remanded to the Plan Administrator. Neither party is foreclosed from offering additional evidence.

SO ORDERED
/s/ [signature], USDJ
3-16-12

Dear Judge Castel:

We represent the defendant Metropolitan Life Insurance Company ("MetLife") in the above-referenced matter, which was closed on February 3, 2012. (Docket No. 36). We are writing in response to plaintiff Ahmed Mohamed's ("Mohamed") letter to the Court dated March 14, 2012.[1]

Pursuant to the clear language of Judge Castel's Memorandum and Order dated February 2, 2012 (Docket No. 35, at p. 18), the Court remanded this matter to MetLife for further consideration of all of the medical evidence available at the time MetLife denied Mohamed's claim for continuing Long Term Disability ("LTD") benefits under the Credit Suisse First Boston Corporation LTD Plan (the "Plan"), including several pieces of evidence that the Court found MetLife should have considered. In fact, the Court's docket indicates that it mailed MetLife a certified copy of all the docket entries from this case and Judge Castel's "remand Order," so that MetLife could properly consider all of the evidence in light of the Court's Order, during its further review of Mohamed's claim for continuing LTD benefits. Notwithstanding this clear ruling, Mohamed now argues that the Court *implicitly* ordered MetLife to retroactively reinstate his benefits and put him back on claim.[2] (Mohamed's letter at p. 2). Mohamed's contention is erroneous for a number of reasons.

First, Mohamed fails to consider that under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"), remand is the only proper remedy when the Court determines that a claims administrator's determination was arbitrary and capricious, unless the Court finds that a remand

---

[1] Mohamed's claim that he called counsel twice with no response is not accurate. I recall receiving one call, which I returned by leaving a message.

[2] Mohamed's argument that the Court implicitly awarded him damages while simultaneously entering an <u>explicit</u> award of damages to MetLife on its counterclaim in the amount of $6,331.07 is particularly incongruous.

NY/849414v1

Re: Ahmed Mohamed v. Metropolitan Life Insurance Company
March 16, 2012
Page 2

would be a useless formality. *See Conkright v. Frommert*, 130 S. Ct. 1640, 1647-1648, 1651 (2010); *see also Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *see also Zervos v. Verizon New York, Inc.*, 277 F.3d 635, 650 (2d Cir. 2002); *Peterson v. Continental Casualty Co.*, 77 F. Supp. 2d 420, 429 (S.D.N.Y. 2000). In the Order, this Court relied on the Second Circuit's holding in *Miller* for this exact proposition and did not find that a remand would be a "useless formality." (Docket No. 35, at p. 14). Instead, this Court held that MetLife's review of Mohamed's claim for continuing LTD benefits could have been more thorough, and referred to specific items of evidence that MetLife should consider or it should consider more thoroughly on remand. Accordingly, the Court properly ordered that the case be remanded so that MetLife could perform a more thorough review in light of the Court's Order. *See Miller*, 72 F.3d at 1071; *see also Zervos*, 277 F.3d at 650; *Peterson*, 77 F. Supp. 2d at 429.

Second, Mohamed fails to acknowledge that it was his burden to demonstrate that he was disabled as that term is defined in the Plan. *See Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 84 (2d Cir. 2009); *Juliano v. Health Maint. Org. of N.J.*, 221 F.3d 279, 287-88 (2d Cir. 2000); *see also Lee v. Aetna Life Ins. & Cas. Ins. Co.*, No. 05 Civ. 2960(PAC), 2007 WL 1541009, *4 (S.D.N.Y. May 24, 2007). To meet this burden, the Plan requires that Mohamed submit proof satisfactory to MetLife that he met the Plan's definition of disability — that is, that, "due to sickness, pregnancy or accidental injury, you are receiving appropriate care and treatment from a doctor on a continuing basis and you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy." In the Order, the Court did not find that Mohamed satisfied his burden under the Plan, nor did it find that the evidence in the administrative record demonstrated that Mohamed was disabled under the terms of the Plan. Instead, the Court remanded the matter for further consideration by MetLife; specifically, the Court identified evidence that MetLife should review on remand and determine whether that additional evidence supports Mohamed's claim that he was disabled under the terms of the Plan at the time MetLife initially denied his claim for continuing LTD benefits. If the Court had ruled that MetLife was required to pay past benefits and put Mohamed back on claim, as he contends it did, there would be no reason for a remand because there would be nothing for MetLife to review or consider with respect to his prior submissions. Clearly, that is not what the Court ordered.

Finally, Mohamed's letter is nothing more than an improper request that the Court reconsider its decision to remand the case and instead, to issue an award to Mohamed reinstating his LTD benefits retroactive to the date MetLife originally denied his claim for continuing LTD benefits. Such a request is improper at this point since Mohamed's time to file a motion for re-argument and/or reconsideration has lapsed. *See* Rule 6.3 of the Local Rules of the U.S. District Court for the Eastern and Southern Districts of New York. Accordingly, Mohamed's request that the Court reconsider its Order is untimely and thus, must be rejected by this Court.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

cc: Michael Yoeli, Esq. *(via facsimile)*

NY/849414v1