ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR  NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com  212.422.0202 *phone*  212.422.0925 *fax*

# Sedgwick LLP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE   6-27-12
```

June 27, 2012

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

*Via Facsimile*
Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

12 Civ 2227 (PKC)
~~10 Civ 7249 (PKC)~~

Re: Ahmed Mohamed v. Metropolitan Life Insurance Company
    Civil Action No.: 12-cv-2227

Dear Judge Castel:

    This office represents the defendant, Metropolitan Life Insurance Company, in the above-referenced matter. This letter is respectfully submitted in compliance with Your Honor's Order dated June 22, 2012 directing MetLife to submit a status update regarding its claim review on remand. (Docket No.: 8).

    At the outset, we would like to clarify the applicable time requirements as discussed in our letter to the Court dated May 31, 2012, which we submitted to the Court pursuant to Your Honor's May 30, 2012 Order. (Docket No.: 4). At the time that letter was submitted, we had not had detailed discussions with our client about the status of the review on remand at that point, and therefore provided a general interpretation of the applicable Department of Labor ("DOL") regulations, rather than a specific application of these regulations to the facts of this particular review of plaintiff Ahmed Mohamed's ("Mohamed") claim on remand.

    As we stated in our May 31, 2012 letter, there are no specific DOL regulations concerning a claim administrator's review pursuant to a court ordered remand under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). However, MetLife is treating its review on remand as an initial claim review and is proceeding in accordance with DOL time requirements applicable to such a review. As noted in our May 31, 2012 letter, pursuant to 29 § C.F.R. 2560.503-1(f)(3) a claim administrator has forty-five (45) days to decide an initial claim for benefits. "[T]his period may be extended by the plan for up to 30 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision." *See* 29 §C.F.R. 2560.503-1(f)(3). This additional period of time may be tolled under 29 §C.F.R. §2560.503-1(f)(4), which provides that if a period of time is extended as permitted under the applicable DOL regulations "due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review *shall be tolled* from the date on which the

NY/961070v1

Hon. P. Kevin Castel
Re: Ahmed Mohamed v. Metropolitan Life Insurance Company
Civil Action No.: 12-cv-2227
June 27, 201
Page 2

notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information."

As we also noted in our May 31, 2012 letter, Mohamed first advised MetLife on April 2, 2012 that he would not be submitting any further information for MetLife to consider on remand and thus, MetLife's time to render a timely determination runs from that date. By letter dated May 7, 2012, which was within the initial 45 day time period, MetLife requested information from Mohamed that it needed to render its determination on remand, including a request that Mohamed participate in an in-person field interview; a legible copy of Mohamed's March 12, 2007 EMG report including the findings and conclusions; information regarding Mohamed's Other Income benefits (i.e. Social Security Disability Income Benefits and Worker's Compensation Benefits); the status of Mohamed's Worker's Compensation benefits along with copies of any change in benefit notices and/or settlement agreement received since January 1, 2009; and signed authorizations to enable MetLife to obtain the information requested in the letter directly from the record custodians if Mohamed was unable to provide these materials himself. Although MetLife did not explicitly advise Mohamed in that letter that an extension of time to complete its review on remand was required, this was implied by the request for this information as the initial 45 day period was set to run on May 17, 2012, 10 days later. MetLife therefore preceded under the assumption that it would have 40 days from the date it received the information it requested in its May 7 letter to decide the claim (10 days remaining in the initial 45 day review period plus the 30 day extension) pursuant to DOL regulations.

Prior to the initial conference with the Court in this matter, MetLife had also been in contact with Mohamed's counsel in an attempt to conduct a full and fair review of Mohamed's s claim on remand and has continued this dialogue throughout its review. Indeed, pursuant to Your Honor's Order dated May 30, 2012, Mohamed, with counsel on the line, participated in a telephone interview conducted by a MetLife Field Representative on June 8, 2012. In addition, on or around May 30, 2012, MetLife received a copy of the raw data from Mohamed's EMG, which had been requested in MetLife's May 7, 2012 letter. MetLife then followed up with Mohamed's counsel by letter dated June 1, 2012 explaining that it still needed a legible copy of the EMG report, which was expected to include a summary and/or conclusion drawn from the EMG's findings. Mohamed's counsel provided MetLife with a legible copy of the EMG report on June 13, 2012. On or around June 11, 2012, Mohamed's counsel provided MetLife with a list of Workers' Compensation benefit payments that were deposited into Mohamed's bank account over the last few months. However, Mohamed did not provide MetLife with his benefit notices, including changes in benefits, if any, which MetLife had previously requested in its May 7, 2012 letter. On June 15, 2012, after receiving a signed medical authorization from Mohamed on June 4, MetLife requested the outstanding Workers' Compensation information directly from the Workers' Compensation carrier, as well as the medical information the carrier compiled during its own review of Mohamed's Workers' Compensation claim. To date, MetLife has not received this additional information, which it needs to fully assess Mohamed's functionality throughout the relevant time period. Nevertheless, MetLife plans to render a claim determination within 40 days from June 13, 2012, the date it finally received a legible copy of the EMG report, on July 23, 2012, unless MetLife finds that it needs an additional extension of time, which Mohamed will be notified about in writing, if necessary.

MetLife has been in communication with Mohamed's counsel throughout the claim review process, engaging in a consistent dialogue in an effort to obtain the necessary information for it to conduct a full and fair review and thus, has been in substantial compliance with all applicable DOL regulations. *See Robinson v.*

NY/961070v1

Hon. P. Kevin Castel
Re: Ahmed Mohamed v. Metropolitan Life Insurance Company
Civil Action No.: 12-cv-2227
June 27, 201
Page 3

*Metropolitan Life Ins. Co.*, 2007 WL 3254397, *2 (S.D.N.Y. 2007); *see also Pava v. Hartford Life & Accident Ins. Co.*, 2005 WL 2039192, *9-10 (E.D.N.Y. Aug. 24, 2005).

I greatly appreciate your attention to this matter.

Respectfully submitted

*[signature]*

Michael H. Bernstein
Sedgwick LLP

cc:     Michael Yoeli, Esq. *(via Facsimile)*

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

*www.sdma.com*   212.422.0202 *phone*   212.422.0925 *fax*

## Facsimile Transmittal Sheet

DATE   June 27, 2012

TIME   ~~7:29 PM~~ 8:55 am

NUMBER OF PAGES:   4 (including coverpage)

If any portion of the following document is illegible or missing, please call our Fax Center at 212.422.0202 as soon as possible.

**TO:**

| NAME | COMPANY | FACSIMILE |
|---|---|---|
| Honorable P. Kevin Castel, U.S.D.J. | U.S. District Court<br>Southern District of New York | (212) 805-7949 |

**Cc:**

| | | |
|---|---|---|
| Michael Yoeli, Esq. | Yoeli, Gottlieb & Etra, LLP | (212) 579-0814 |

**FROM:**

| NAME: | Michael Bernstein | FAX BACK NUMBER: | (212) 422-0925 |
|---|---|---|---|
| OFFICE: | New York | OUR FILE NO.: | 00584-007645 |

**RE:** *Ahmed Mohamed v. Metropolitan Life Insurance Company*
*Civil Action No.: 12-cv-2227 and 10-cv-7249*

**MESSAGE:**

Please see the attached.

**Privilege and Confidentiality Notice**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the persons or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address above via the U.S. Postal Service. Thank you.

NY/685886v1